**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JEFF N. MOODY,

      Plaintiff,

   v.                                                                 No. CIV 14-0713 JH/SCY

DAN HOUSTON,
RAMON ROSTON,
BERNALILLO COUNTY,
MDC (METROPOLITAN CENTER),

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has filed a financial certificate, which the Court construes as a motion for leave to proceed in forma pauperis. The motion will be granted, and for reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff and a number of other inmates at the Bernalillo County Metropolitan Detention Center were put on a bus with very little advance notice and transferred to a facility in Texas as part of the County's efforts to reduce overcrowding.   Plaintiff alleges that he was not allowed to contact his attorney or family before the transfer.   He complains of being shackled and denied restroom breaks during transport, although he acknowledges that the bus had a toilet.   Plaintiff contends that Defendants' actions violated a number of his constitutional rights, as well as certain state statutes, and he seeks damages.

Plaintiff's allegations about the transfer itself do not support constitutional claims.   First, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution."   *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992); *quoted in Cabrera v. Trammell*, 488 F. App'x 294, 295 (10th Cir. 2012).   Furthermore, as unpleasant as the transport may have been, Plaintiff's allegations do not state a claim of unconstitutional conditions during the trip.   Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment."   *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Plaintiff's complaint does not allege that the named individual Defendants disregarded a known excessive risk to his health and safety.   These claims will be dismissed.

Also, no relief is available on Plaintiff's allegations of denial of access to the courts or of

equal protection violations.   In support of his claim of denial of access to the courts, he alleges

only that the transfer prevented him from contacting his attorney or using a library.   Plaintiff does

not assert that Defendants' actions led "directly and inextricably . . . to the adverse disposition of

his underlying case," *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005) (citation omitted),

and thus his difficulties did not amount to a "relevant actual injury," *Lewis v. Casey*, 518 U.S.

343, 351 (1996).   Likewise, for his equal protection claim, Plaintiff alleges only that "the law said

that I was not supposed to be moved out of county . . . being [a] pretrial detainee."   This allegation

does not amount to some form of disparate treatment, that is, that similarly situated individuals are

treated differently, and thus the complaint fails to provide a basic element of an equal protection

claim.   *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th

Cir. 1991).   Plaintiff does not allege that he was the only pretrial detainee that was transferred or

that the transfer amounted to discriminatory treatment originating in impermissible class

discrimination.   *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).   The Court will

dismiss Plaintiff's claims of denial of access to the courts and of equal protection violations.

Last, Plaintiff's complaint raises a state law claim of illegal transfer.   He contends that

county officials are prohibited under N.M. Stat. Ann. § 33-3-3 (Cum. Supp. 2014) and § 33-3-13

(Repl. Pamp. 1998) from transferring pretrial detainees out of the county.   In view of the

dismissal of all federal claims against Defendants, the question arises whether the Court should

exercise jurisdiction of this state law claim.   It is assumed for purposes of this opinion that this

Court has "supplemental jurisdiction" of this claim.   *See* 28 U.S.C. § 1367(a).   The Court may,

nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district

court has dismissed all claims over which it has original jurisdiction."   § 1367(c)(3).   Under the

terms of the statute, the Court declines to exercise supplemental jurisdiction and will dismiss

Plaintiff's state law claim without prejudice to his right to pursue this claim in a state forum.  *See Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) (remanding case to district court with directions to dismiss state law claims without prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state law claims with prejudice precludes adjudication of the claims in state court).  Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's financial certificate (Doc. 2), construed as a motion for leave to proceed under 28 U.S.C. § 1915, is GRANTED, and the initial partial filing fee payment is WAIVED; Plaintiff's state law claim of illegal transfer is DISMISSED without prejudice; otherwise the complaint is DISMISSED with prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE